UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADONY ONIEL REYES-
HERNANDEZ,

   *Petitioner,*

v.            Case No. 3:26-cv-888-JEP-SJH

RONNIE WOODALL, et al.,

   *Respondents.*
_____/

## **ORDER**

Through counsel, Petitioner, an immigration detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming that his mandatory detention without probable cause or due process violates the Fourth and Fifth Amendments to the U.S. Constitution. (*See* Doc. 1). He also filed an emergency motion for a temporary restraining order and/or preliminary injunction. (Doc. 2). In the motion, he asks the Court to enjoin Respondents from removing him "beyond the jurisdiction of the Middle District of Florida pending final adjudication of his habeas corpus petition." (*Id.* at 6).

Insofar as Petitioner contends that his transfer would deprive this Court of jurisdiction over his petition, the Court finds the argument to be without merit. Because Petitioner was detained within the Middle District of Florida

when he filed this case, this Court would retain jurisdiction even if he is transferred. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g., Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). Regardless, the Court finds Petitioner fails to show a substantial likelihood of success on the merits. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). As such, the motion is due to be denied.

Accordingly, it is **ORDERED**:

1.      Petitioner's emergency motion for a temporary restraining order and/or preliminary injunction (Doc. 2) is **DENIED**.[1]

2.      The **Clerk of Court** shall send a copy of the petition (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of

---

[1] Petitioner's counsel must comply with Local Rule 6.01(c).

Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Warden or Facility Director, North Florida Detention Center, 20706 U.S. Highway 90 West, Sanderson, Florida 32087. All costs of service shall be advanced by the United States.

3.      Respondents, within **30 days** from the date of this Order, shall respond to the petition and show cause why the petition should not be granted.

4.      If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

5.      The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

3

6. After Respondents file a response, Petitioner shall have **30 days** to file a reply to Respondents' response.

**DONE AND ORDERED** in Jacksonville, Florida, on April 20, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4