UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADONY ONIEL REYES-HERNANDEZ,

    *Petitioner,*

v.                                                                    Case No. 3:26-cv-888-JEP-SJH

RONNIE WOODALL, et al.,

    *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him. (*See* Doc. 1 at 21-22). Petitioner alleges that he is a citizen of Honduras who entered the United States without inspection in 2006. (*Id.* at 2, 6). Following a traffic stop in Seminole County, Florida on April 9, 2026, ICE detained Petitioner. (*Id.* at 6). Petitioner challenges his mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See id.* at 11-21).[1]

---

[1] The Federal Respondents recognize that "Petitioner claims [their] incorrect reading of the Immigration and Nationality Act ("INA") has deprived [Petitioner] of the opportunity for release on bond—thus resulting in his unlawful detention." (Doc. 7 at 1). The Federal Respondents further recognize that *Hernandez Alvarez v.*

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the Immigration and Nationality Act ("INA"), concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276.[2] The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 7).

---

*Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), "controls the outcome of this matter," and that because "the Court may resolve the Petition on the statutory question, it need not proceed to evaluate any other claims raised in the Petition." (*Id.* at 2). Upon consideration of the petition and response, this Court construes the petition to assert a claim challenging Petitioner's mandatory detention under § 1225.

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's challenge to his mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.[4] If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at \*2–3 (M.D. Fla. Apr. 14, 2026).

---

authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] The Court disagrees with Petitioner's contention that release is the only appropriate remedy. (Doc. 8 at 13). *See generally Suarez-Garcia v. Warden Fla. Soft Side S.*, No. 2:26-CV-00687-KCD-DNF, 2026 WL 1396082, at \*2 (M.D. Fla. May 19, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition,

terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on June 23, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4